UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

YK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. |
| CESAR S. ARCHANGEL, | 4:05-CV-0060 JDT - WGH |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, United States of America, for its Complaint against Defendant alleges:

1.     This action seeks treble damages and penalties under the False Claims Act, 31 U.S.C.

§§ 3729-33, as amended, and the common law theories of payment by mistake and

unjust enrichment as a result of the submission of approximately 1,029 claims for

payment of federal funds administered by the United States Department of Health and

Human Services ("HHS"), made or caused to be made by Defendant, for acupuncture

with electrical stimulation billed to the Medicare Program ("Medicare") for the period

of 1996 through and including 2002.

### The Parties

2.     Plaintiff is the United States of America ("United States").

3.     At all times relevant, the Defendant, Cesar S. Archangel, M.D. ("Dr. Archangel"),

was an individual residing in the State of Kentucky.

4.     At all times relevant, Dr. Archangel was a medical doctor licensed to practice in the State

of Indiana.

5.     At all times relevant, Dr. Archangel transacted business within the Southern District of
       Indiana and is subject to the personal jurisdiction of this Court.

### Jurisdiction and Venue

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.
       § 1345 and 31 U.S.C. § 3732.Venue is proper in the Southern District of Indiana
       pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1391.

### The Medicare Program

7.     Medicare is a federal program created by the Social Security Act, as amended, 42
       U.S.C. § 301 *et seq.*, which provides health insurance for individuals aged at least 65
       years and to certain disabled persons under the age of 65.

8.     Medicare is administered by the Centers for Medicare Medicaid Services ("CMS")[1]
       and funded through HHS. Medicare includes coverage under two components: hospital
       insurance (Part A); and medical insurance (Part B).

9.     Coverage under Part B includes services rendered by doctors, outpatient hospital care
       and other medical services not covered by Part A.  The Part B program is funded by
       premiums paid by Medicare beneficiaries enrolled in the program and is supplemented
       by contributions from funds provided and paid by the United States.

---

[1]Prior to June 14, 2001, the Centers for Medicare Medicaid Services was named the Health
Care Financing Administration ("HCFA").

10.    The fiscal carrier under contract with CMS to process and pay Part B claims of eligible
       beneficiaries in the State of Indiana is AdminaStar Federal ("AdminaStar"), located in
       Indianapolis, Indiana.

11.    The Part B Program pays claims for reimbursement submitted by Medicare
       beneficiaries for a portion of the reasonable charges of certain medical services which
       are determined to be reasonable and necessary under §§ 1861(s) and 1842(a)(1) of the
       Social Security Act, 42 U.S.C. §§ 1395x(s) and 1395u(a)(1).

12.    CMS determines the types of services covered and, therefore, reimbursable based upon
       a fee schedule.  Medicare assigns provider numbers to health care providers.  The use
       of these provider numbers allows the health care providers to bill AdminaStar directly
       for services rendered to patients who are eligible to receive medical services under the
       Part B Program.

13.    In order to be paid for services rendered or supplies provided, an Indiana provider who
       participates in the Medicare Part B Program submits claims for payment to AdminaStar
       via either: (a) a hard copy "Request for Medicare Payment" form (Form HCFA 1500);
       or (b) an electronic submission.

14.    Upon information and belief, Dr. Archangel submitted HCFA 1500s for the time
       period 1996-1999 and submitted a combination of HCFA 1500s and electronic claims
       for the time period 2000-2002.

15.    The electronic claim identifies the name of the Medicare beneficiary, the name of the
       referring physician, the date the service was provided, the CPT codes of the service

3

performed and the ICD-9 number (diagnosis code) corresponding to the medical
condition for which the service is needed.

16.    Health care providers for all federal health care benefit programs, including Medicare,
       use a uniform system of coding to report professional services, procedures, supplies
       and diagnoses.  Medical services are assigned a number and are listed in certain
       publications.

17.    The Health Care Finance Administration Common Procedure Coding System
       ("HCPCS") is a three level system of coding developed by the Health Care Finance
       Administration.  Level I of the HCPCS coding system is the American Medical
       Association's Physician's Current Procedural Terminology ("CPT") Codes.  CPT
       codes are five digit codes with descriptive terms for reporting services performed by
       health care providers.

18.    The Medicare claim submitted by the health care provider is the invoice relied upon by
       Medicare to pay the charges submitted by providers, including Dr. Archangel, and by
       its own terms is for payment of services actually rendered.

19.    At all times relevant to this complaint, Dr. Archangel was a participating Medicare
       provider.

## RELEVANT CONDUCT

21.    During the period of 1996 through 2002, Dr. Archangel operated an outpatient
       psychiatric care clinic that, among other things, performed acupuncture with electrical
       stimulation to Medicare beneficiaries.

4

22. At the times relevant to this Complaint, the CPT Code assigned to the application of a

modality to one or more areas or manual electronic stimulation was CPT Code 97032.

23. At the times relevant to this Complaint, the CPT Code assigned to acupuncture, one or

more needles; without electrical stimulation was 97780.

24. At the times relevant to this Complaint, the CPT Code assigned to acupuncture with

electrical stimulation was CPT Code 97781.

25. At the times relevant to this Complaint, the Medicare Coverage Issues Manual § 35-8

clearly instructed providers that acupuncture was a non-covered service.

### § 35-8 ACUPUNCTURE – NOT COVERED

Although acupuncture has been used for thousands of years in China and for
decades in parts of Europe, it is a new agent of unknown use and efficacy in the
United States. Even in those areas of the world where it has been widely used,
its mechanism is not known. Three units of the National Institutes of Health,
the National Institute of General Medical Sciences, National Institute of
Neurological Diseases and Stroke, and Fogarty International Center have been
designed to assess and identify specific opportunities and needs for research
attending the use of acupuncture for surgical anesthesia and relief of chronic
pain. Until the pending scientific assessment of the technique has been
completed and its efficacy has been established, Medicare reimbursement for
acupuncture, as an anesthetic or as an analgesic or for other therapeutic
purposes, may not be made. Accordingly, acupuncture is not considered
reasonable and necessary within the meaning of § 1862(a)(1) of the Act.

26. During the period of 1996-2002, Dr. Archangel submitted claims to Medicare for CPT

Code 97032, despite the fact that the service performed was acupuncture with electrical

stimulation, or CPT Code 97781.

27. At the time that he submitted claims to Medicare from 1996-2002, Dr. Archangel knew

that CPT Code 97781 was not reimbursable and so by submitting claims for CPT

97032, he would receive payment.

28.  For the period of 1996 through and including 2002, Dr. Archangel performed
     acupuncture (CPT Code 97781) but submitted claims for application of a modality
     (CPT Code 97032) that were false and fraudulent.

29.  For the period of 1996 through and including 2002, Dr. Archangel submitted
     approximately 1,029 claims for CPT Code 97032 seeking reimbursement from federal
     funds, where he actually performed CPT Code 97781.

30.  AdminaStar has maintained data regarding each of the approximately 1,029 claims for
     payment submitted by Dr. Archangel. Such data includes the HIC number, the specific
     Medicare beneficiaries, the DCN or claim number, the dates of service, the
     CPT/HCPCS code or codes billed, the allowable rate, the rate charged, the number of
     units billed and the amount of payment made.

31.  Attached as Exhibit A is a list of the 1,029 claims for CPT code 97032 submitted by
     Dr. Archangel during the relevant time period. [2]

32.  For each of the 1,029 claims submitted and referenced in Exhibit A, Dr. Archangel
     knew at the time the claim was submitted that the claim was not correct and that the
     amount stated due was not true, or Dr. Archangel submitted the claim in reckless
     disregard or deliberate ignorance of whether the claim was correct and the amount
     stated due was true.

33.  Dr. Archangel submitted, or caused to be submitted, the above claims knowing that
     they were false or in reckless disregard or deliberate ignorance of their truth or falsity.

_____

[2]In accordance with Local Rule 5.2 and federal regulations governing patient privacy, the
United States has redacted each beneficiary's name and Medicare number from this pleading
and assigned a simple numerical reference of 1-100 for each Medicare beneficiary.

34.    Each of the above identified claims is a false claim for payment from federal funds.

35.    As a result of the submission of the approximately 1,029 false claims, Medicare,

through AdminaStar, paid federal funds to Dr. Archangel to which Dr. Archangel was

not entitled, and which Dr. Archangel has retained, in the total approximate sum of

$98,191.37.

## COUNT I

### FALSE CLAIMS ACT

36.    The United States realleges paragraphs 1 through 35 above as if fully set forth herein.

37.    Dr. Archangel knowingly submitted or caused the submission of false or fraudulent

claims to Medicare for payment using federal funds.

38.    Each of the approximately 1,029 claims submitted by Dr. Archangel is a separate false

claim against federal funds.

## COUNT II

### UNJUST ENRICHMENT

39.    The United States realleges paragraphs 1 through 38 above as if fully set forth herein.

40.    Dr. Archangel has been unjustly enriched by his course of conduct as alleged in this

complaint to the detriment of the United States.

## COUNT III

### PAYMENT BY A MISTAKE OF FACT

41.    The United States realleges paragraphs 1 through 40 as if fully set forth herein.

42.    As a result of Dr. Archangel's conduct, he was paid federal funds from the United

States Treasury that were not properly payable.

43.     At the time that such payments were made, the United States was not aware of Dr.
        Archangel's wrongful conduct.

44.     Had the United States known that Dr. Archangel was not entitled to receive payments,
        it would not have approved payment of such funds.

45.     The United States is entitled to recover those funds paid by mistake on account of Dr.
        Archangel's conduct.

        WHEREFORE, the United States respectfully requests judgment against Dr. Archangel
as follows:

        A.      On Count I for judgment against Dr. Archangel and in favor of the

United States for treble its damages, and for a civil penalty for each false claim submitted to

Medicare as allowed by law.

        B.      On Counts II and III for judgment against Dr. Archangel and in favor of the

United States for its damages, prejudgment interest or equitable delay damages for the time

period during which Dr. Archangel received and retained such amounts, *see generally Miller*

*v. Robertson*, 266 U.S. 243 (1924) (prejudgment interest required for full compensation), post

judgment interest, costs and other proper relief.

                                        Respectfully Submitted,

                                        SUSAN W. BROOKS
                                        United States Attorney

                        By:     _Eun R. Leewin_

                                        Erin R. Lewis
                                        Assistant United States Attorney
                                        10 West Market Street
                                        Suite 2100
                                        Indianapolis, IN 46204